OPINION
{¶ 1} Appellant, Lesa K. Conner, appeals the parenting schedule established by the Butler County Court of Common Pleas, Domestic Relations Division, in a divorce action. Judgment affirmed.
 {¶ 2} The trial court issued a divorce decree naming appellant residential parent and legal custodian of her two children, and setting a parenting time schedule for appellee, Charles O. Conner ("father").[1]
 {¶ 3} The trial court granted father the parenting time allotted in the trial court's standard minimum guidelines, with certain modifications. Those modifications involved the addition of Thursday evenings to the Friday night through Sunday evening alternative weekend time during the school year, and set the summer schedule so that the parents alternated weekly custody and control of the children.
 {¶ 4} Appellant argues in her sole assignment of error that the trial court erred when it ordered the alternate week schedule with the parents in the summers and added Thursdays to the standard alternate weekend parenting time during the school year.
 {¶ 5} Appellant supports her assignment of error with the assertion that the trial court erred because father had no insight into his "psychologically and emotionally damag[ing]" behavior toward his children that had "completely alienated one of his sons."
 {¶ 6} It is well settled that a trial court is given broad discretion in its determination of parental custody rights, and the trial court's decision will not be disturbed unless it involves an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 7} The discretion that a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74.
 {¶ 8} The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record; therefore, this court should be guided by the presumption that the trial court's findings were indeed correct. Id.
 {¶ 9} R.C. 3109.04(B)(1), governing custody determinations, provides: "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children." See also, R.C. 3109.051 (order granting parenting time or companionship).
 {¶ 10} A review of the record indicates that the trial court made its determination after considering the issues raised by appellant and the psychologist's report concerning father's mental health and his relationship with his children. The trial court stressed in its order that father was to continue his mental health treatment and should seek additional therapy with his estranged child and with the family, if necessary.
 {¶ 11} We cannot conclude that the trial court abused its discretion when it made its initial determination of parenting time in the divorce decree. Appellant's assignment of error is overruled.
 {¶ 12} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] With its decision and order, the trial court denied the father's request for shared parenting and granted appellant's request for residential parent status.